CHARLES H. FALSKEN, APPELLEE, V. FRED E. FARINGTON, APPELLANT.

FILED DECEMBER 5, 1908. No. 15,391.

Notes: PAYMENT. A bank as agent for the payee of a promissory note received the maker's check for the full amount thereof, marked the note "Paid," and gave it to the maker, and immediately delivered to the maker New York exchange for $2,000, representing a part of the amount due upon the note, with the understanding and agreement of the maker that he should apply the $2,000 upon a mortgage owing by the payee. *Held,* That the above transaction was equivalent to a promise of the maker to pay his note by applying the amount of the New York exchange upon the payee's mortgage, and that upon his failure to apply the same the payee may maintain an action upon the note.

APPEAL from the district court for Richardson county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*Reavis & Reavis,* for appellant.

*Clarence Gillespie* and *Edwin Falloon, contra.*

EPPERSON, C.

Plaintiff sued defendant upon a promissory note, alleging a balance due of $2,000 and interest. Defendant pleaded payment. On July 29, 1899, the plaintiff, then in Kansas City, forwarded the note in controversy to the Falls City State Bank for collection, and gave directions for the distribution of the funds when collected. The bank received defendant's check for the full amount due on the note, and, purporting to act under the plaintiff's directions, gave to the defendant New York exchange for

$2,000, which represented a part only of the amount due upon the note. At the same time the bank marked the note "Paid" and delivered it to the defendant. It has been judicially determined that the conduct of the bank was justified. See *Falsken v. Falls City State Bank,* 71 Neb. 29. It was expressly understood that the New York exchange was to be applied upon a mortgage owing by plaintiff, which the defendant and his former partner as loan brokers had negotiated, and for this purpose was to be forwarded by the defendant to the holder of the mortgage. Instead of applying the $2,000 upon the mortgage, defendant appropriated it to his own use. At the conclusion of the trial each party requested a directed verdict. Plaintiff's request was granted, and defendant appeals.

It appears that the giving of his check for the amount due upon the note and the return to the defendant of the New York exchange was one and the same transaction. The defendant was aware of the fact that he was expected to send the $2,000 to the holder of plaintiff's mortgage in part payment thereof. Not only did he know this at the time he received the New York exchange, but at the inception of the note he knew that the money it represented was intended by the plaintiff to be paid upon the mortgage. The transaction is the mathematical and legal equivalent to an undertaking on the part of the defendant to pay to plaintiff's creditor $2,000 in part payment of his own indebtedness to the plaintiff. His failure to remit to the mortgagee was equivalent to his failure to pay $2,000 upon his note. He admits that he became liable to the plaintiff for the sum of $2,000, the amount of the New York exchange, but says that plaintiff's suit is for money had and received. Defendant substantially agreed that he would pay his note by applying $2,000 of the amount due thereon upon plaintiff's mortgage. He failed to do so. He is not in a position to maintain that he has fully and legally executed his obligation upon the note.

The **defendant** offered to prove that the holder of

plaintiff's mortgage would not accept payment until the mortgage was due, six months later than the alleged payment of defendant's note. This offer was excluded, and is assigned as error herein. There was no evidence offered tending to show that defendant attempted to make the payment when he received the New York exchange or when the mortgage became due.

Plaintiff further complains of the trial court's order in refusing to strike out a portion of the plaintiff's reply, having reference to allegations setting forth the facts regarding the New York exchange. This error was without prejudice, because under the unobjectionable portions of the pleading and the evidence the plaintiff was entitled to the relief granted.

We recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.